UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **In re:** | |
| **BUTCHER SHOP OF CORDOVA, LLC,** | **CASE NO.   21-22100** |
| | **Chapter 11** |
| Debtor. | |

| | |
|---|---|
| **BUTCHER SHOP OF CORDOVA, LLC,** | |
| Plaintiff, | |
| v. | Adversary Proceeding No. 21-00106-JDL |
| **AGRICENTER INTERNATIONAL, INC.,** | |
| **SIMPSON HUGHES, and** | |
| **FSH ENTERPRISES, LLC,** | |
| Defendants. | |

**AGRICENTER INTERNATIONAL, INC.'S
ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT**

COMES Agricenter International, Inc. ("Agricenter"), by and through its counsel, and submits the following Answer to the Complaint ("Answer") for Declaratory Judgment filed by the Debtor ("Complaint"). In support of the Answer, Agricenter would show as follows:

**SUMMARY OF RELIEF REQUESTED**

While no response is required to a statement of requested relief, Agricenter hereby responds hereby to several of the unfounded assertions made by the Debtor in its Summary of Relief Requested.

1

Agricenter admits that prior to its termination, Debtor had a lease with Agricenter ("Lease") where the Debtor operated the Butcher Shop Steakhouse for more than 20 years. As stated below, the property is owned by Shelby County Government which assigned the lease to Agricenter International, Inc., a Tennessee non-profit corporation.

Agricenter admits that there is an actual controversy between the Debtor and Agricenter over whether or not the Lease was terminated pre-petition and is property of the estate. It also admits that there is an actual controversy over the efficacy of the "Vacate Agreement" executed by Dennis Day, majority owner of the partnership interest in the Debtor, on June 15, 2021. The document in question was drafted by Agricenter's lawyers and presented to lawyers for the managing member of the Debtor for approval by an authorized member of the Debtor. Between the two of them, Dennis Day and Simpson Hughes owned 94% of the membership interests in the Debtor and both approved the transaction.

Agricenter denies any allegation that the Vacate Agreement is invalid and unenforceable; that it lacked consideration; that the agreement does not contain aspects of a two-party contract between the Debtor and Agricenter; that Dennis Day was incompetent or unauthorized to execute the Vacate Agreement; and that the signed document was obtained through undue influence or in breach of a confidential relationship.

Agricenter denies that the Vacate Agreement was given to Simpson Hughes' attorneys to convince Dennis Day to terminate the Debtor's Lease. It was Agricenter's understanding that Dennis Day and the Debtor wanted to terminate the Lease and sought to mitigate the Debtor's damages. On that basis, Agricenter agreed to lease the premises conditionally to a newly created entity, Defendant FSH Enterprises, LLC, should the Debtor agree to termination of the Lease, which it did.

Agricenter denies that Simpson Hughes had a confidential relationship with Dennis Day; that Simpson Hughes was ever acting in concert with Agricenter as its agent; and that the Vacate Agreement was against the interests of either or both the Debtor and Dennis Day.

Agricenter denies any implication that Dennis Day was not capable of representing himself or his interests in the Debtor at the time he executed the Vacate Agreement. It further denies that Agricenter had anything to do with the decision of Dennis Day not to contact Michelle Harkins or anyone else when he executed the document.

Agricenter responds to the numbered paragraphs in the Complaint as follows:

## PARTIES

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

## JURISDICTION AND VENUE

5. Admitted.

6. Admitted.

7. Admitted.

## FACTS

8. Admitted.

9. Admitted.

10. On information and belief, admitted, but the allegations in ¶10 were apparently true at the time the Complaint was filed but, since then, Dennis Day has died, and his ownership interest has become an asset of his estate upon his death.

11. Defendant lacks sufficient information upon which to form a belief as to truth of that the allegations of ¶11 of the Complaint and therefore denies same.

12. Admitted in part and denied in part. Defendant admits that Jim Harkins, acting on behalf of interested parties but not the Debtor, provided to Agricenter a copy of a Durable Power of Attorney, attached to the Complaint as Exhibit B, on or about November 12, 2020, but a copy of that Durable Power of Attorney was not provided to Agricenter by either Michelle Hawkins, the Debtor or Dennis Day. At the time Mr. Harkins gave email notice in Exhibit B to Agricenter, he was purporting to represent parties other than the Debtor and was seeking a reworking or termination of the Lease.

13. Admitted in part and denied in part. See Response to ¶ 12 of the Complaint. While the Harkins' email states that Dennis Day "has ceded the control" to his daughter, that was not stated in the alleged Durable Power of Attorney.

14. Defendant lacks sufficient information upon which to form a belief as to the truth of the allegations in ¶14 of the Complaint and was only given purported information regarding a second alleged Durable General Power of Attorney during litigation of this matter in ancillary proceedings.

15. On information and belief, admitted.

16. Admitted.

17. Admitted, however Defendant lacks information sufficient to form a belief as to the extent of the negative impact on the Debtor's business since it apparently had substantial financial resources at the time it was pretending not be able to make Lease payments.

18. Admitted that the Agricenter offered delayed partial rent to the Butcher Shop in recognition of the impact of COVID-19, but Debtor never met any of the conditions imposed by

Agricenter in connection with that offer and all delayed payments were due and payable at the time of the Default Letter referred to in Exhibit D of the Complaint.

19. Denied. Agricenter and the Debtor never discussed the possibility of amending or extending the Lease, except for forbearance on a temporary basis, and Jim Harkins never indicated that he was representing the Debtor. He was in fact representing other interests when he made his proposals.

20. Admitted.

21. Agricenter lacks sufficient information upon which to form a belief as the allegation that the FSH proposal was made without notice to the Butcher Shop. Agricenter denies that it ever entertained or negotiated this proposal. On information and belief, the remaining allegations of ¶21 are admitted.

22. Denied. Agricenter admits that the Debtor made intermittent and partial payments of rent but denies that it gave Debtor permission to do so.

23. Denied. Specific proposals between FHS and Agricenter did not begin until on or about February of 2021 when it became obvious that the Debtor had no intention of curing the Lease defaults. During this period of time, Debtor never made any proposals to cure its defaults in payment of rent and made no acceptable proposals to modify the Lease.

24. Denied. Agricenter never agreed to a modification of the Lease, other than temporary proposals regarding deferred payments which were never agreed to by the Debtor. It denies any implication that it had a contractual duty to make improvements to the Butcher Shop property that were the responsibility of the Debtor.

25. Denied. Agricenter denies any implication that it had any obligation to the Debtor to negotiate changes in the Lease. Agricenter only discussed operation of the premises under a

5

new lease with FSH in an effort to mitigate its damages when it became clear that the Debtor had no intention of honoring the Lease in the short or long term and, if Jim Harkin could be believed, wanted to move the business to another location and abandon the Lease.

26. Denied, except that Agricenter admits that it filed a Forceable Entry and Detainer Warrant ("FED") as indicated in ¶26 herein.

27. Admitted, except that it was clear that once Agricenter obtained possession of the premises as a result of any FED action, the Lease would have been effectively terminated.

28. Admitted.

29. Admitted. Under the circumstances, Agricenter had a duty to mitigate its damages.

30. Admitted.

31. Admitted in part and denied in part. Agricenter admits the allegations in ¶31 except that it had the right to unilaterally terminate the existing Lease or accept termination by the Debtor itself.

32. Admitted, except the Vacate Agreement only required approval by a person authorized to execute the agreement on behalf of the Debtor.

33. On information and belief, admitted.

34. Agricenter lacks sufficient information upon which to form a belief as to the truth of the allegations of ¶34 of the Complaint, and therefore denies same.

35. Denied. Agricenter did not handle the execution of the Vacate Agreement and therefore had no reason to contact Michelle Harkins about the Vacate Agreement. Agricenter lacks sufficient information upon which to determine the truth of the remaining allegations in ¶35 of the Complaint.

36. Admitted.

37. Admitted, except that the phrase "without questioning its execution" is ambiguous and confusing as it does appear that Dennis Day did in fact sign the Vacate Agreement.

38. Admitted, except that the FSH lease is conditioned upon the Debtor's complying with the Debtor's agreement to vacate or a court of law enforcing same.

39. Admitted.

40. Denied. Debtor learned of the existence of the Vacate Agreement when it was executed by Dennis Day. Denied that John Ryder negotiated with the lawyers representing Agricenter. John Butler had one direct conversation with John Ryder in a social setting and Ryder indicated to him that the Debtor intended to breach the Lease and move its place of business. Upon information and belief, Joel Sklar did send an email with an attachment to John Ryder which are both attached to the Complaint as Exhibit F.

41. Agricenter lacks sufficient information upon which to form a belief as to the truth of the allegations in ¶41 and therefore denies same.

42. Agricenter admits that a copy of the letter attached to the Complaint as Exhibit G ("Letter") was emailed to Agricenter's representatives on or about June 25, 2021. It lacks sufficient information upon which to form a belief as to the truth of the allegations that Dennis Day voluntarily intended to repudiate and revoke the Vacate Agreement, or whether it was drafted and presented by counsel for Jim and Michelle Harkins on their behalf and not that of the Debtor.

43. Denied. Agricenter denies any implication that the Vacate Agreement was not enforceable or that Dennis Day's signature on the document was or could be rescinded.

44. Admitted.

Agricenter denies all allegations in the Complaint not specifically admitted herein.

7

## CLAIMS FOR RELIEF
## COUNT I – DECLARATORY JUDGMENT

45. Agricenter incorporates and adopts its prior answers to the Debtor's allegations as if fully set forth herein.

46. Admitted.

47. Admitted.

48. Denied.

49. Denied.

50. Admitted.

## AFFIRMATIVE DEFENSES

1. **Estoppel**.

The Debtor was and is estopped to cancel the Vacate Agreement because the Agricenter entered into a contract with FSH in reasonable reliance on that agreement and changed its position, prior to its reputed repudiation.

2. **Accord and Satisfaction.**

The Vacate Agreement constituted an accord and satisfaction of an existing claim between the Butcher Shop of Cordova LLC and Agricenter.

3. **Compromise and Settlement.**

The Vacate Agreement constituted a compromise and settlement of disputed claims arising out of the FED civil action pending in Shelby County General Sessions Court.

## RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Agricenter respectfully requests that this Honorable Court enter an order declaring that the Lease by and between Shelby County Government (as assigned to Agricenter), and Butcher Shop of Cordova, LLC, was terminated pre-

petition; and that it should be granted such other and further relief as the Court deems just and proper, including a lifting of the automatic stay to permit Agricenter to take possession of the Property.

          Respectfully submitted,

By:   */s/ David J. Cocke*
      David J. Cocke (TN Bar No. 007988)
      EVANS | PETREE, P.C.
      1715 Aaron Brenner Drive, Suite 800
      Memphis, TN 38120
      (901) 525-6781    Telephone
      (901) 521-0681    Facsimile
      *Attorney for Agricenter International, Inc.*

## CERTIFCATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon:

Craig M. Geno, Esq.
Law Offices of Craig N. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
cmgeno@cmgenolaw.com
Subchapter V Trustee

Steven N. Douglass
Harris Shelton Hanover & Walsh, PLLC
40 S. Main Street, Suite 2210
Memphis, TN 38103
sdouglass@harrisshelton.com
Former counsel for the Debtor

R. Campbell Hillyer
Butler Snow LLP
6075 Poplar Ave., 5th Floor
Memphis, TN 38119
Cam.Hillyer@butlersnow.com
Attorney for Simpson Hughes

FSH Enterprises, LLC
℅ Simpson Hughes
4965 Normandy Lane
Memphis, TN 38117-2701

by U.S. Mail, this  3rd  day of March, 2022, and by ECF service on counsel of record.

                                                                      */s/ David J. Cocke*
                                                                      David J. Cocke